UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| AVHS AL I, LLC, *et al.*, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:25-cv-906-GMB |
| ) | |
| TABITHA SAWYER, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM OPINION AND ORDER**

*Pro se* Defendant Tabitha Sawyer removed the complaint filed by Plaintiffs AVHS AL I, LLC and AVHS Fund I, LLC in the District Court of Shelby County, Alabama. Doc. 1; Doc. 1-1 at 2–26.  With the removal, Sawyer also filed a motion for leave to proceed *in forma pauperis*. Doc. 2.  After review, the court concluded that the notice of removal did not establish federal jurisdiction and ordered to Sawyer to show cause why the case should not be remanded. Doc. 4.  Sawyer did not respond to this order,[1] and this case is now due to be remanded to the District Court of Shelby County.

## **I.  STANDARD OF REVIEW**

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life*

---

[1] The Clerk of Court mailed a copy of this order to counsel for Plaintiffs using the physical mailing address listed on the state-court complaint.   The post office returned the mailing as undeliverable so the court mailed the order to an additional address listed on the complaint for Plaintiffs' counsel.  *See* Doc. 6.   That mailing has not been returned.

*Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).   The Eleventh Circuit instructs district courts to "inquire into subject matter jurisdiction *sua spont*e whenever it may be lacking." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999); *Fitzgerald v. Seaboard Sys. R.R., Inc.*, 760 F.2d 1249, 1251 (11th Cir.1985) ("A federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises.").

This court is "empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution or otherwise authorized by Congress." *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen*, 511 U.S. at 377 (internal citations omitted).   Courts narrowly construe removal statutes, resolving "[a]ny doubts about the propriety of federal jurisdiction . . . in favor of remand to state court" and in favor of the non-removing party. *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1294 (11th Cir. 2008) (citing *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996)); *Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1373 (11th Cir. 1998).

## II.  DISCUSSION

To adjudicate the claims against Sawyer, this court must have either federal question jurisdiction or diversity jurisdiction.  As explained in the show cause order (Doc. 4 at 2–3), neither exists here.

For a court to exercise federal question jurisdiction, the controversy must "aris[e] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331; *see Wye v. Polk County Sch. Bd.*, 129 F.3d 560, 566 (11th Cir. 1997). Although the complaint references federal statutes like the Uniform Commercial Code and the Fair Debt Collection Practices Act, the cause of action is for eviction based on Sawyer's failure to pay the rent due under her lease. Doc. 1-1 at 2.  This is a claim under Alabama law.

Alternatively, diversity jurisdiction requires an amount in controversy exceeding $75,000 and that the plaintiff and defendant are citizens of different states. 28 U.S.C. § 1332; *MacGinnitie v. Hobbs Group, LLC*, 420 F.3d 1234, 1239 (11th Cir. 2005).  Although Sawyer relied on diversity jurisdiction in removing the case (Doc. 1 at 2–3), her notice of removal does not include any allegations about the amount in controversy.  The notice is also deficient as to the diversity of the parties. Sawyer alleges that AVHS AL I, LLC is a citizen of North Carolina, but does not state the citizenship of AVHS Fund I, LLC. Doc. 1 at 2.  Sawyer also does not state

3

her own citizenship. In addition, Plaintiffs AVHS AL I, LLC and AVHS Fund I, LLC are limited liability companies. "[A] limited liability company, like a partnership, 'is a citizen of any state of which a member of the company is a citizen.'" *Porter v. Crumpton & Assoc., LLC*, 862 F. Supp. 2d 1303, 1308 (M.D. Ala. 2012) (quoting *Rolling Greens MHP, L.P. v. Comcast SCH Holdings, LLC*, 374 F.3d 1020, 1022 (11th Cir. 2004)). And "[t]o sufficiently allege the citizenship[] of [an] unincorporated business entit[y], a party must list the citizenships of all the members of the limited liability company." *Rolling Greens*, 374 F.3d at 1022. The removal petition does not identify the members of these two LLCs or their citizenships.

### III. CONCLUSION

For these reasons, the court does not have jurisdiction over this case. Accordingly, it is ORDERED that this action is REMANDED to the District Court of Shelby County, Alabama.

DONE and ORDERED on August 4, 2025.

_____
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE